OPINION OF THE COURT
ClPARIGK, J.
The Appellate Division dismissed plaintiff’s complaint for neglect to prosecute pursuant to CPLR 3216. The question on appeal is whether plaintiff proffered a justifiable excuse for past delay and for failing to file a note of issue within 90 days after receiving a demand to do so from defendant. We hold that plaintiff failed to tender a justifiable excuse and, accordingly, the Appellate Division properly dismissed plaintiff’s complaint.
This action stems from construction-site injuries sustained by plaintiff on November 18, 1986. Plaintiff was operating a truck owned by defendant D.A. Collins Construction Co. and had driven the vehicle atop a hill when the vehicle’s brakes allegedly failed. As the truck started to roll down the hill, plaintiff jumped out and was injured when he hit the ground.
On November 2, 1989, plaintiff commenced this action in negligence and strict products liability by service of a summons and notice. Plaintiff thereafter served a complaint on de *502 fendant on December 26, 1989. On January 8, 1990, defendant answered plaintiffs complaint, and, on November 19, 1990, commenced a third-party action against plaintiffs employer, Kubricky Construction Corp. Very little activity occurred in the action during the next four years, aside from defendant taking plaintiffs deposition in February 1991 and September 1992.
On July 27, 1994, defendant served a demand on plaintiff to resume prosecution of the action and file a note of issue within 90 days (see, CPLR 3216 [b] [3]). Plaintiff did not file a note of issue within the 90-day period and took no other step to indicate an intention to proceed with the action. On December 13, 1994, 139 days after serving the 90-day demand, defendant moved to dismiss plaintiffs complaint pursuant to CPLR 3216. Plaintiff submitted no papers opposing the motion to dismiss. Instead, on January 20, 1995, 10 days before the return date of defendant’s motion and 87 days after the expiration of the 90-day period, plaintiff filed a note of issue.
On April 13, 1995, Supreme Court preliminarily ruled on the motion by issuing a conditional order of dismissal, granting plaintiff an additional 30 days to demonstrate a justifiable excuse for the delay and to submit an affidavit of merit. In response, plaintiff submitted a two-page attorney’s affidavit stating that the delay was attributable to uncertainty over the status of third-party discovery requests, as evidenced by plaintiffs written inquiries directed to defendant in September and November 1993. Plaintiffs counsel also explained that on December 21, 1994, his secretary attempted to file a note of issue, but, because she was unfamiliar with recent amendments to the CPLR, her endeavors proved unsuccessful. In lieu of an affidavit of merit from plaintiff, his attorney submitted plaintiffs deposition transcript.
Supreme Court thereafter denied defendant’s motion to dismiss, concluding that plaintiff established a justifiable excuse and a meritorious cause of action. The Appellate Division reversed, with two Justices dissenting. The Court held that plaintiff did not demonstrate a justifiable excuse for failing to comply with the 90-day requirement of CPLR 3216 and dismissed the action. Plaintiff appealed to this Court as of right (see, CPLR 5601 [a]), and we now affirm.
CPLR 3216 is the general statutory authority for neglect-to-prosecute dismissals. The provision has a checkered history, which this Court has recounted on prior occasions (see, e.g., *503 Chase v Scavuzzo, 87 NY2d 228, 231-233; Cohn v Borchard Affiliations, 25 NY2d 237, 244-246; see also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3216:l-C3216;4, at 628-635). As a result of a 1967 amendment to CPLR 3216, courts are prohibited from dismissing an action for neglect to prosecute unless the statutory preconditions to dismissal are met (see, CPLR 3216 [b]; Cohn v Borchard Affiliations, supra, 25 NY2d, at 246).
CPLR 3216, as it now reads, is extremely forgiving of litigation delay. A court cannot dismiss an action for neglect to prosecute unless: at least one year has elapsed since joinder of issue; defendant has served on plaintiff a written demand to serve and file a note of issue within 90 days; and plaintiff has failed to serve and file a note of issue within the 90-day period (CPLR 3216 [b]). So long as plaintiff serves and files a note of issue within the 90-day period, all past delay is absolved and the court is then without authority to dismiss the action (CPLR 3216 [c]). However, if plaintiff fails to file a note of issue within the 90-day period, "the court may take such initiative or grant such motion [to dismiss] unless the [defaulting] party shows justifiable excuse for the delay and a good and meritorious cause of action” (CPLR 3216 [e]). Thus, even when all of the statutory preconditions are met, including plaintiffs failure to comply with the 90-day requirement, plaintiff has yet another opportunity to salvage the action simply by opposing the motion to dismiss with a justifiable excuse and an affidavit of merit. If plaintiff makes a sufficient showing, the court is prohibited from dismissing the action.
In this case, the Appellate Division held that plaintiff failed to demonstrate a justifiable excuse for not complying with the 90-day requirement. In view of plaintiffs persistent neglect despite repeated opportunities to resume prosecution of the action and the absence of any timely proffered reasonable excuse for the extensive delay, we agree that dismissal was proper in this case (see, Sortino v Fisher, 20 AD2d 25, 28-32; see generally, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3216:29-C3216:31, at 656-659 [discussing factors considered on CPLR 3216 motion]).
After commencement of the action in 1989, the action remained virtually dormant for nearly five years, with little indication by plaintiff that he was inclined to proceed. Even after defendant served the 90-day demand pursuant to CPLR 3216, plaintiff failed to file a note of issue or take any other step indicating an intention to resume prosecution of the ac *504 tion, such as moving to vacate the 90-day demand or seeking an extension of time within which to file a note of issue (see, 4 Weinstein-Korn-Miller, NY Civ Prac 3216.10, at 32-378 — 32-380 [detailing options available to a plaintiff encountering difficulty in complying with 90-day demand]; Siegel, NY Prac § 375, at 559 [2d ed] [same]). When defendant thereafter moved to dismiss, 139 days after serving the 90-day demand, plaintiff chose to submit no papers in opposition.
Despite plaintiff’s default on the motion to dismiss, Supreme Court provided plaintiff yet an additional 30 days to demonstrate a justifiable excuse and a meritorious claim. In response, plaintiff finally submitted a two-page attorney’s affidavit, contending that uncertainty over pending third-party discovery excused the delay. This excuse was patently deficient because plaintiff’s counsel admitted to having last inquired about the third-party discovery in November 1993, more than eight months before defendant served the 90-day demand. The alternative excuse that counsel’s secretary had attempted to file a note of issue but was unsuccessful is inadequate: the attempted filing occurred on December 21, 1994, which was 57 days after the expiration of the 90-day period and, therefore, could excuse neither the past delay nor the failure to comply with the 90-day requirement. Of course, it is the professional obligation of counsel, not the secretary, to know and comply with the CPLR.
We note that under the plain language of CPLR 3216, a court retains some discretion to deny a motion to dismiss, even when plaintiff fails to comply with the 90-day requirement and proffers an inadequate excuse for the delay. Thus, the Appellate Division’s statement that in "the absence of any justifiable excuse * * * Supreme Court lacked discretion to excuse plaintiff's default” (227 AD2d 789, 790) is unnecessarily rigid. If plaintiff fails to demonstrate a justifiable excuse, the statute says the court "may” dismiss the action — it does not say "must” (see, CPLR 3216 [e]) — but this presupposes that plaintiff has tendered some excuse in response to the motion in an attempt to satisfy the statutory threshold.
Although a court may possess residual discretion to deny a motion to dismiss when plaintiff tenders even an unjustifiable excuse, this discretion should be exercised sparingly to honor the balance struck by the generous statutory protections already built into CPLR 3216. Even such exceptional exercises of discretion, moreover, would be reviewable within the Appellate Division’s plenary discretionary authority. If plaintiff *505 unjustifiably fails to comply with the 90-day requirement, knowing full well that the action can be saved simply by filing a note of issue but is subject to dismissal otherwise, the culpability for the resulting dismissal is squarely placed at the door of plaintiff or plaintiffs counsel. Were courts routinely to deny motions to dismiss even after plaintiff has ignored the 90-day period without an adequate excuse, the procedure established by CPLR 3216 would be rendered meaningless.
Thus, when a plaintiffs excuse, though inadequate, is timely interposed, a court in its discretion might dismiss the action or, in an appropriate case, deny the motion and impose a monetary sanction on plaintiff or plaintiffs counsel instead (see, e.g., Lichter v State of New York, 198 AD2d 687, 688 [in tripling the sanction imposed by the lower court, court notes "the sanction imposed should be substantial enough to serve as a deterrent to dilatory behavior in the future”]; Neyra y Alba v Pelham Foods,, 46 AD2d 760; see also, 22 NYCRR 130-1.1 [c] [2] [sanctionable frivolous conduct includes conduct "undertaken primarily to delay or prolong the resolution of the litigation”]). As discussed above, plaintiff in this case failed to tender any reasonable excuse in timely response to defendant’s dismissal motion. Therefore, dismissal was the appropriate result.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
Order affirmed, with costs.