■ LAREN PATTERSON, Appellant, v ST. LUKE'S-ROOSEVELT HOSPITAL et al., Respondents, et al., Defendants. [845 NYS2d 24]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 6, 2006, which, in an action for medical malpractice, granted defendants' motion to dismiss the ac-

tion for failure to prosecute, unanimously affirmed, without costs.

Plaintiff did not respond to defendants' disclosure demands served simultaneously with or shortly after their answer, and had otherwise been utterly inactive when, two years later, defendants served a CPLR 3216 notice. Service of the notice required that plaintiff either file a note of issue within 90 days; or move, within 90 days, to vacate the notice or extend the 90-day period; or demonstrate, in opposition to a motion to dismiss, merit to the action and an excuse for the delay sufficient to convince the court to forgive the failure to prosecute as a matter of discretion (CPLR 3216 [e]; *see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503-505 [1997]). Plaintiff chose the last course, submitting, in opposition to a motion to dismiss, materials responsive to discovery demands, but offering no excuse whatsoever for the inactivity and, with respect to the merits, merely promising to produce an expert's affidavit within 60 days of the motion's return day. We reject plaintiff's argument that under the circumstances, the court's dismissal should have been conditioned on his providing the promised expert's affidavit within 60 days. Concur—Tom, J.P., Saxe, Sullivan, Gonzalez and Sweeny, JJ.