INNA KADYIMOV, Respondent, v FRANCIS MACKINNON et al., Appellants. [918 NYS2d 770]—

CPLR 3216 is an "extremely forgiving" statute (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]), which "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004]; *see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 633 [2003]; *Gibson v Fakheri*, 77 AD3d 619 [2010]; *Ferrera v Esposit*, 66 AD3d 637, 638 [2009]). Although the statute prohibits the Supreme Court from dismissing a complaint based on failure to prosecute whenever the plaintiff has shown a justifiable excuse for the delay and the existence of a potentially meritorious cause of action, "such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal" (*Davis v Goodsell*, 6 AD3d at 384; *see Baczkowski v Collins Constr. Co.*, 89 NY2d at 503-504; *Gibson v Fakheri*, 77 AD3d 619 [2010]; *Ferrera v Esposit*, 66 AD3d at 638).

Here, the plaintiff attempted to file her note of issue 11 days beyond the deadline set by the Supreme Court's certification or-

der, and moved for relief shortly after learning that the case had been marked "disposed." Moreover, the defendants did not claim to have been prejudiced by the minimal delay involved in this case. Furthermore, there is no evidence in the record of a pattern of persistent neglect and delay in prosecuting the action, or of any intent to abandon the action. Under these circumstances, the Supreme Court providently exercised its discretion in excusing the plaintiff's failure to meet the deadline for filing the note of issue (see *Ferrera v Esposit*, 66 AD3d at 638; *Zito v Jastremski*, 35 AD3d 458, 459 [2006]; *Diaz v Yuan*, 28 AD3d 603 [2006]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.