■ MARK GORDON et al., Appellants, v SCOTT RATNER, M.D., et al., Respondents. [948 NYS2d 627]—

"CPLR 3216 is an 'extremely forgiving' statute (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]), which 'never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed' " (*Kadyimov v Mackinnon*, 82 AD3d 938, 938 [2011], quoting *Davis v Goodsell*, 6 AD3d 382, 383 [2004]). Although the statute prohibits the Supreme Court from dismissing a complaint based on failure to prosecute whenever a plaintiff has shown a justifiable excuse for the delay and the existence of a potentially meritorious cause of action, such a dual showing is not strictly necessary in order for a plaintiff to escape such a dismissal (*see Kadyimov v Mackinnon*, 82 AD3d at 938-939).

Under the circumstances of this case, including the minimal three-day delay in filing the note of issue, the excuse of law office failure which the Supreme Court properly accepted as reasonable, the fact that the defendants did not claim any prejudice, and the lack of evidence of a pattern of persistent neglect and delay in prosecuting the action or of any intent to abandon the action, the Supreme Court improvidently exercised its discretion in declining to excuse the plaintiffs' failure to meet the deadline for filing the note of issue (*id.* at 939; *see Ferrera v Esposit*, 66 AD3d 637, 638 [2009]; *Zito v Jastremski*, 35 AD3d 458 [2006]; *Diaz v Yuan*, 28 AD3d 603 [2006]; *cf. Sicoli v Sasson*, 76 AD3d 1002, 1003-1004 [2010]; *Nowell v NYU Med. Ctr.*, 55 AD3d 573 [2008]). Accordingly, the Supreme Court should have granted the plaintiffs' motion to vacate the dismissal of the action pursuant to CPLR 3216, to restore the action to the

pretrial calendar, and to set a new deadline for the filing of the note of issue. Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.

Motion by the defendants Scott Ratner, Andre Berke, J. Jane Cao, and Scott Sherman on appeals from two orders of the Supreme Court, Nassau County, entered March 25, 2011, and August 5, 2011, respectively, inter alia, to dismiss the appeal from the order entered August 5, 2011. By decision and order on motion of this Court dated December 15, 2011, that branch of the motion which is to dismiss the appeal from the order entered August 5, 2011, was held in abeyance and was referred to the panel of Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to dismiss the appeal from the order entered August 5, 2011, is denied as academic in light of our determination of the appeal from that order. Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.