In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated August 30, 2012, which granted the separate motions of the defendants Teresa Zangari and De Maria Realty Corp. pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for failure to prosecute, and (2) a judgment of the same court dated January 3, 2013, which, upon the order, is in favor of the defendants Teresa Zangari and De Maria Realty Corp. and against him dismissing the complaint insofar as asserted against those defendants, with prejudice.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is reversed, on the facts and in the exercise of discretion, the complaint is reinstated against the defendants Teresa Zangari and De Maria Realty Corp., the separate motions of the defendants Teresa Zangari and De Maria Realty Corp. pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for failure to prosecute are denied, and the order is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order *754 are brought up for review and have been considered on the appeal from the judgment {see CPLR 5501 [a] [1]).
Where a 90-day demand to resume prosecution of an action pursuant to CPLR 3216 (b) (3) has been properly served, a plaintiff may avoid dismissal, as a matter of law, by either timely filing a note of issue or moving, before the default date, to vacate the notice or to extend the 90-day period {see CPLR 3216 [c]; Petersen v Lysaght, Lysaght & Kramer, P.C., 47 AD3d 783, 783 [2008]; C&S Realty, Inc. v Soloff, 22 AD3d 515, 515 [2005]; Bokhari v Home Depot U.S.A., 4 AD3d 381, 381 [2004]). Even where a plaintiff has failed to pursue either of these options, however, “the statute prohibits the Supreme Court from dismissing a complaint based on failure to prosecute whenever the plaintiff has shown a justifiable excuse for the delay and the existence of a potentially meritorious cause of action” (Kadyimov v Mackinnon, 82 AD3d 938, 938 [2011]; see CPLR 3216 [e]; Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633 [2003]; Davis v Goodsell, 6 AD3d 382, 383 [2004]).
Moreover, CPLR 3216 is an “extremely forgiving” statute (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]), which “never requires, but merely authorizes, the Supreme Court to dismiss a plaintiffs action based on the plaintiffs unreasonable neglect to proceed” (Davis v Goodsell, 6 AD3d at 383; see Kadyimov v Mackinnon, 82 AD3d at 938). Under the plain language of CPLR 3216, a court retains some “residual discretion” to deny a motion to dismiss, even when a plaintiff fails to comply with the 90-day requirement and additionally fails to proffer an adequate excuse for the delay or a potentially meritorious cause of action (Baczkowski v Collins Constr. Co., 89 NY2d at 504). Thus, while the statute prohibits the Supreme Court from dismissing a complaint based on failure to prosecute whenever the plaintiff has shown a justifiable excuse for the delay and the existence of a potentially meritorious cause of action {see CPLR 3216 [e]; Di Simone v Good Samaritan Hosp., 100 NY2d at 633), “such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal” (Davis v Goodsell, 6 AD3d at 384; see Baczkowski v Collins Constr. Co., 89 NY2d at 503-505; Kadyimov v Mackinnon, 82 AD3d at 938; Gibson v Fakheri, 77 AD3d 619, 620 [2010]).
Here, the record demonstrates affirmative steps taken by the plaintiff to continue the prosecution of this action that are inconsistent with an intent to abandon it. The plaintiff and the defendants Teresa Zangari and De Maria Realty Corp. (hereinafter together the moving defendants) entered into a stipulation after the expiration of the 90-day period in which these parties *755 agreed to an ongoing discovery schedule and a future compliance conference. The plaintiff and the moving defendants also agreed that the note of issue would be filed as directed by a subsequent court order. Under these circumstances, including the lack of prejudice suffered by the moving defendants as a result of any delay, and their subsequent acquiescence to a continuing compliance schedule, we conclude that the Supreme Court improvidently exercised its discretion in granting the separate motions of the moving defendants pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them for failure to prosecute (see Gibson v Fakheri, 77 AD3d at 620; Tolmasova v Umarova, 22 AD3d 570, 570-571 [2005]; Scheurer v Xerox Corp., 258 AD2d 332 [1999]; see generally Ferrera v Esposit, 66 AD3d 637, 638 [2009]; Zito v Jastremski, 35 AD3d 458, 459 [2006]; Goldblum v Franklin Munson Fire Dist., 27 AD3d 694, 694 [2006]; cf. Donnell v Madison Ave.-53rd St. Corp., 214 AD2d 307, 308 [1995]).
In light of our determination, we need not reach the plaintiffs remaining contention. Mastro, J.E, Balkin, Miller and LaSalle, JJ., concur.