■ STEWART N. ALTMAN et al., Respondents, v ERIC D. DONNENFELD et al., Appellants, et al., Defendant. [990 NYS2d 542]—

In an action to recover damages for medical malpractice, the defendants Eric D. Donnenfeld and Opthalmic Consultants of Long Island appeal, as limited by their brief, from so much an order of the Supreme Court, Nassau County (Winslow, J.), entered May 31, 2013, as denied their motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]) in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004]; *see* CPLR 3216 [a], [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d at 504-505; *Kadyimov v Mackinnon*, 82 AD3d 938 [2011]). While the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for the delay in the prosecution of the action and a meritorious cause of action (*see* CPLR 3216 [e]; *Picot v City of New York*, 50 AD3d 757, 758 [2008]), such a dual showing is not strictly necessary to avoid dismissal of the action (*see Baczkowski v Collins Constr. Co.*, 89 NY2d at 503-505; *Gordon v Ratner*, 97 AD3d 634, 635 [2012]; *Kadyimov v Mackinnon*, 82 AD3d 938 [2011]; *Davis v Goodsell*, 6 AD3d at 383-384).

Here, upon receipt of the appellants' 90-day notice, the respondents did not file a note of issue within the 90-day period. However, the appellants refused certain requests to schedule a continued deposition of the injured respondent and, after the 90-day notice was served, both parties demonstrated an intent to proceed with discovery. Further, there is no evidence that the appellants were prejudiced by the minimal delay

involved in this case or that there was a pattern of persistent neglect and delay in prosecuting the action, or any intent to abandon the action. Under these circumstances, the Supreme Court providently exercised its discretion in excusing the respondents' failure to meet the deadline for filing the note of issue (*see Gordon v Ratner*, 97 AD3d at 635; *Kadyimov v Mackinnon*, 82 AD3d 938 [2011]; *Ferrera v Esposit*, 66 AD3d 637, 638 [2009]; *Goldblum v Franklin Munson Fire Dist.*, 27 AD3d 694, 695 [2006]; *Davis v Goodsell*, 6 AD3d at 384). Chambers, J.P., Lott, Cohen and Duffy, JJ., concur.