■ THOMAS ROSSI et al., Appellants, v ALAN J. SCHEINBACH, M.D., et al., Respondents. [9 NYS3d 366]—

In an action to recover damages for medical malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Marber, J.), entered June 17, 2014, which denied their motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar, and (2) an order of the same court entered November 21, 2014, which denied their motion, in effect, for leave to reargue and renew.

Ordered that the appeal from so much of the order entered November 21, 2014, as denied that branch of the plaintiffs' motion which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order entered November 21, 2014, as denied that branch of the plaintiffs' motion which was, in effect, for leave to renew is dismissed as academic in light of our determination of the appeal from the order entered June 17, 2014; and it is further,

Ordered that the order entered June 17, 2014, is reversed, on the facts and in the exercise of discretion, and the plaintiffs' motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]) in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004]; *see* CPLR 3216 [a], [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d at 504-505; *Kadyimov v Mackinnon*, 82 AD3d 938 [2011]). While generally, the Supreme Court is prohibited from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for the delay in the prosecution of the action and a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Picot v City of New York*, 50 AD3d 757, 758 [2008]), such a dual showing is not strictly necessary to avoid dismissal of the action (*see Baczkowski v Collins Constr. Co.*, 89 NY2d at 503-505; *Altman v Donnenfeld*, 119 AD3d 828 [2014]; *Gordon v Ratner*, 97 AD3d 634, 635 [2012]; *Kadyimov v Mackinnon*, 82 AD3d 938 [2011]).

Under the circumstances of this case, including the minimal four-day delay in filing the note of issue, the fact that the defendants demanded additional discovery subsequent to the court's certification order containing the 90-day demand, the absence of any claim of prejudice, and the lack of evidence of a pattern of persistent neglect and delay in prosecuting the action or of any intent to abandon the action, the Supreme Court improvidently exercised its discretion in declining to excuse the plaintiffs' failure to meet the deadline for filing the note of issue (*see Altman v Donnenfeld*, 119 AD3d at 828-829; *Gordon v Ratner*, 97 AD3d at 635; *Kadyimov v Mackinnon*, 82 AD3d at 939; *Zito v Jastremski*, 35 AD3d 458 [2006]; *Goldblum v Franklin Munson Fire Dist.*, 27 AD3d 694 [2006]; *Ferrara v N.Y. & Atl. Ry. Co.*, 25 AD3d 753 [2006]). Accordingly, the plaintiffs' motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar should have been granted. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.