■ Locksley C. Amos, as Administrator of the Estate of Amy Jane Cleopatra Smith Amos, Deceased, et al., Appellants, v Southampton Hospital et al., Respondents. [15 NYS3d 837]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), entered August 6, 2013, which denied their motion, among other things, to vacate a 90-day notice served pursuant to CPLR 3216, for leave to extend their time to file a note of issue, and to strike the answer of the defendant Southampton Hospital for its alleged failure to comply with discovery requests, and granted the respective cross motions of the defendant Southampton Hospital, the defendants Southampton Pediatric Associates, P.C., and Robert J. Gottlieb, and the defendants Hampton OB/GYN and Jennine Marie Varhola which were pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying those branches of the plaintiffs' motion which were to vacate the 90-day notices served pursuant to CPLR 3216 and for leave to extend their time to file a note of issue, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof granting the respective cross motions of the defendant Southampton Hospital, the defendants Southampton Pediatric Associates, P.C., and Robert J. Gottlieb, and the defendants Hampton OB/GYN and Jennine Marie Varhola which were pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them, and substituting therefor provisions denying those cross motions; as so modified, the order is affirmed, without costs or disbursements.

CPLR 3216 permits a court to dismiss the complaint in an action for want of prosecution only after the court has issued an order directing, or the defendant has served the plaintiff with a written notice demanding, that the plaintiff resume

prosecution of the action and serve and file a note of issue within 90 days after receipt of the order or demand, and also stating that the failure to comply with the order or demand will serve as the basis for a motion to dismiss the action. Since CPLR 3216 is a legislative creation and not part of a court's inherent power, the failure to serve a written notice that conforms to the provisions of CPLR 3216 is the failure of a condition precedent to dismissal of the complaint (*see Airmont Homes v Town of Ramapo*, 69 NY2d 901, 902 [1987]; *Rose v Aziz*, 60 AD3d 925, 926 [2009]). Here, the defendants Hampton OB/GYN and Jennine Marie Varhola (hereinafter together the Hampton defendants) failed to serve the requisite written notice upon the plaintiffs. Accordingly, the Supreme Court was not authorized to direct the dismissal of the complaint insofar as asserted against the Hampton defendants (*see Rose v Aziz*, 60 AD3d at 926), and should have denied their cross motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them.

Unlike the Hampton defendants, the defendants Southampton Pediatric Associates, P.C., and Robert J. Gottlieb (hereinafter together the Pediatrics defendants) properly served the requisite 90-day notice pursuant to CPLR 3216. Further, contrary to the plaintiffs' contention, the defendant Southampton Hospital (hereinafter the Hospital) established that it served a proper 90-day notice pursuant to CPLR 3216. Once the plaintiffs were in receipt of the 90-day notice, they were required to serve and file a timely note of issue, or move before the default date to either vacate the 90-day notice or extend the 90-day period pursuant to CPLR 2004 (*see Jedraszak v County of Westchester*, 102 AD3d 924, 924-925 [2013]; *Colon v Papatolis*, 95 AD3d 1160 [2012]). Here, there is no dispute that the plaintiffs timely moved, inter alia, to extend the 90-day period. However, notwithstanding the plaintiff's timely motion, the Supreme Court directed the dismissal of the complaint pursuant to CPLR 3216. This was an improvident exercise of discretion.

The determination as to whether to vacate a 90-day notice and grant an extension of time to file a note of issue lies within the court's discretion, and this determination may be guided by the length of the delay in prosecuting the action, the reason for the delay, the prejudice to the defendants, and whether the moving party was in default before seeking the extension (*see Harrington v Toback*, 34 AD3d 640, 641 [2006]; *Grant v City of New York*, 17 AD3d 215, 217 [2005]). The Court of Appeals has observed that CPLR 3216 is "extremely forgiving" (*Baczkowski*

*v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]), in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004], citing *Baczkowski v Collins Constr. Co.*, 89 NY2d at 503-505 [2004]).

Here, the record reveals that both the Hospital and the plaintiffs failed to timely comply with the Supreme Court's discovery orders. Thus, the delay in this case is partially attributable to the Hospital and, on this record, it cannot be said that the Hospital was prejudiced by any delay attributable to the plaintiffs. Moreover, the plaintiffs took steps to address the ongoing discovery disputes with respect to the Hospital even though those steps proved to be inadequate. In addition, after the plaintiffs timely moved, inter alia, for an extension of time to file the note of issue, the parties stipulated to adjourn a court-ordered compliance conference with respect to discovery issues. Under all the circumstances present here, it cannot be said that the plaintiffs demonstrated an intent to abandon the action or a pattern of persistent neglect and delay in prosecuting the action (*see Klein v MTA-Long Is. Bus*, 61 AD3d 722, 723 [2009]; *Levine v Agus*, 28 AD3d 719, 721 [2006]; *compare Altman v Donnenfeld*, 119 AD3d 828 [2014], *with Saginor v Brook*, 92 AD3d 860, 860-861 [2012], *and Harrington v Toback*, 34 AD3d 640, 641 [2006]). Accordingly, the Supreme Court improvidently exercised its discretion in denying those branches of the plaintiffs' motion which were to vacate the 90-day notices and for leave to extend the time to serve and file a note of issue, and should have granted those branches of the motion. For the same reasons, the Supreme Court improvidently exercised its discretion in granting the respective cross motions of the Hospital and the Pediatrics defendants pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against each of them, and should have denied those cross motions (*see Ramon v Zangari*, 116 AD3d 753, 754 [2014]; *Klein v MTA-Long Is. Bus*, 61 AD3d at 723; *cf. Rossi v Scheinbach*, 128 AD3d 791 [2015]).

Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in denying that branch of their motion which was to strike the Hospital's answer, based on its alleged failure to comply with discovery demands and notices (*see* CPLR 3126; *Nunez v Long Is. Jewish Med. Ctr.-Schneider Children's Hosp.*, 82 AD3d 724, 725 [2011]; *cf. Commisso v Orshan*, 85 AD3d 845, 845 [2011]). Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.