■ VINSON L. BELL, Appellant, v UNITED PARCEL SERVICE, INC., Respondent, et al., Defendant. [33 NYS3d 757]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marber, J.), dated October 2, 2014, which denied his motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, to restore the action to the active calendar, and to extend the time to file a note of issue.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, to restore the action to the active calendar, and to extend the time to file a note of issue is granted.

CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]) in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004]; *see* CPLR 3216 [a], [e]; *Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 633 [2003]; *Baczkowski v Collins Constr. Co.*, 89 NY2d at

504-505). While the Supreme Court is prohibited from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for the delay in the prosecution of the action and a potentially meritorious cause of action (*see* CPLR 3216 [e]), a dual showing of justifiable excuse and meritorious cause of action is not strictly necessary for a plaintiff to avoid dismissal of the action (*see Baczkowski v Collins Constr. Co.*, 89 NY2d at 503-505; *Altman v Donnenfeld*, 119 AD3d 828 [2014]; *Gordon v Ratner*, 97 AD3d 634, 635 [2012]).

Here, the plaintiff's counsel affirmed that he never received a copy of the Supreme Court's order dated June 3, 2014, which set the deadline for filing the note of issue. The plaintiff promptly moved for relief shortly after learning that the case had been marked "disposed." Further, the plaintiff demonstrated a potentially meritorious cause of action through the submission of his deposition transcript. Under these circumstances, the Supreme Court improvidently exercised its discretion in declining to excuse the plaintiff's failure to meet the deadline for filing a note of issue (*see Gordon v Ratner*, 97 AD3d at 635; *Kadyimov v Mackinnon*, 82 AD3d 938, 938-939 [2011]; *Andelman v Berardi*, 73 AD3d 956, 956-957 [2010]; *Klein v MTA-Long Is. Bus*, 61 AD3d 722, 723 [2009]). Accordingly, the court should have granted the plaintiff's motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, to restore the action to the active calendar, and to extend the time to file a note of issue. Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.