■ SALVADOR VERA et al., Respondents, v NEW YORK ELEVATOR & ELECTRICAL CORPORATION, Doing Business as NEW YORK ELEVATOR COMPANY, Appellant. (And a Third-Party Action.) [55 NYS3d 114]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated December 10, 2014, as denied those branches of its motion which were pursuant to CPLR 3126 and 3216 to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Salvador Vera (hereinafter the injured plaintiff) allegedly was injured by a malfunctioning elevator which was maintained by the defendant. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries. The defendant moved, among other things, to dismiss the complaint for failure to comply with a 90-day notice served pursuant to CPLR 3216, and pursuant to CPLR 3126 for failure to appear for a complete deposition or a physical examination. The Supreme Court denied those branches of the defendant's motion.

CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]) in that it " 'never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed' " (*Altman v Donnenfeld*, 119 AD3d 828, 828 [2014], quoting *Davis v Goodsell*, 6 AD3d 382, 383 [2004]; *see*

CPLR 3216 [a], [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d at 504-505; *Kadyimov v Mackinnon*, 82 AD3d 938 [2011]). "While the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for the delay in the prosecution of the action and a meritorious cause of action, . . . such a dual showing is not strictly necessary to avoid dismissal of the action" (*Altman v Donnenfeld*, 119 AD3d at 828 [citations omitted]; *see Baczkowski v Collins Constr. Co.*, 89 NY2d at 503-505; *Gordon v Ratner*, 97 AD3d 634, 635 [2012]; *Kadyimov v Mackinnon*, 82 AD3d 938 [2011]; *Davis v Goodsell*, 6 AD3d at 383-384). Here, the plaintiffs complied with discovery requests and the injured plaintiff was deposed for two days. The defendant served a 90-day notice on the plaintiffs after the plaintiffs' attorney withdrew from representing them in the action, and the plaintiffs did not file a note of issue within the 90-day period. After the plaintiffs obtained new counsel, they demonstrated an intent to proceed with discovery, making offers to promptly produce the injured plaintiff for a continued deposition and a medical examination. Under these circumstances, where there was no evidence of a pattern of persistent neglect or delay in prosecuting the action, or any intent to abandon the action, the court providently exercised its discretion in excusing the plaintiffs' failure to meet the deadline for filing the note of issue (*see Altman v Donnenfeld*, 119 AD3d at 828; *Gordon v Ratner*, 97 AD3d at 635; *Kadyimov v Mackinnon*, 82 AD3d 938 [2011]).

Further, as to that branch of the defendant's motion which was pursuant to CPLR 3126 to dismiss the complaint, the affirmation of good faith that was submitted by the defendant's counsel was insufficient because it did not refer to any effort by the defendant to resolve the discovery dispute (*see* 22 NYCRR 202.7 [a], [c]; *Natoli v Milazzo*, 65 AD3d 1309, 1310-1311 [2009]).

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 3126 and 3216 to dismiss the complaint. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.