Worldwide Ins. Brokerage Ltd. v New City Mgt., LLC (2019 NY Slip Op 04026)





Worldwide Ins. Brokerage Ltd. v New City Mgt., LLC


2019 NY Slip Op 04026


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-09526
 (Index No. 32996/09)

[*1]Worldwide Insurance Brokerage Ltd., appellant,
v
New City Management, LLC, et al., respondents.


Frederick Mehl, Brooklyn, NY, for appellant.
Molod Spitz & DeSantis, P.C., New York, NY (Marcy Sonneborn and Salvatore J. DeSantis of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover on an account stated, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated July 14, 2016. The order granted the defendants' motion pursuant to CPLR 3216 to dismiss the complaint and denied the plaintiff's motion, inter alia, for leave to file a late note of issue.
ORDERED that the order is affirmed, with costs.
In 2010, the plaintiff commenced this action, inter alia, to recover on an account stated. Issue was joined by the defendants, but little, if anything, occurred in the action thereafter until September 2014, when the Supreme Court issued a preliminary conference order directing that depositions be completed and a note of issue be filed by a particular date. Despite further extensions of those deadlines, depositions were not conducted and a note of issue was not filed. On or about August 26, 2015, the defendants served on the plaintiff a 90-day notice pursuant CPLR 3216, demanding that the plaintiff resume prosecution of the action.
Having received the 90-day notice, the plaintiff was required to file a note of issue or move, before the default date, to vacate the 90-day demand or to extend the 90-day period (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503-504; Furrukh v Forest Hills Hosp., 107 AD3d 668, 669; Cope v Barakaat, 89 AD3d 670, 671). The plaintiff did neither. Rather, five months after the 90-day period had expired, the plaintiff moved, inter alia, for leave to file a late note of issue. The defendants moved pursuant to CPLR 3216 to dismiss the complaint. In an order dated July 14, 2016, the Supreme Court granted the defendants' motion, upon finding that the plaintiff failed to offer a reasonable excuse for its delay in prosecuting the action, and denied the plaintiff's motion. The plaintiff appeals.
To avoid dismissal of the action pursuant to CPLR 3216, the plaintiff was required to demonstrate "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216[e]; see Umeze v Fidelis Care N.Y., 17 NY3d 751; Baczkowski v Collins Constr. Co., 89 NY2d at 503). Here, the plaintiff failed to proffer a justifiable excuse for its delay (see Siegel v Commack Sch. Dist., 107 AD3d 687, 687; Furrukh v Forest Hills Hosp., 107 AD3d at 669; Jedraszak v County of Westchester, 102 AD3d 924, 925). Although a court retains "residual discretion to deny a motion [*2]to dismiss when [the] plaintiff tenders even an unjustifiable excuse, this discretion should be exercised sparingly" (Baczkowski v Collins Constr. Co., 89 NY2d at 504). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting the defendants' motion pursuant to CPLR 3216 to dismiss the complaint, and denying the plaintiff's motion, inter alia, for leave to file a late note of issue.
In light of our determination, we do not reach the plaintiff's remaining contentions.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court