Cayan v Schierwagen (2019 NY Slip Op 07382)





Cayan v Schierwagen


2019 NY Slip Op 07382


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-08057
 (Index No. 5420/01)

[*1]Huseyin Cayan, respondent, 
v
Kristin S. Schierwagen, et al., appellants, et al., defendant.


Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Kristin S. Schierwagen and Reinhold Schierwagen appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated February 20, 2018. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
Contrary to the contention of the defendants Kristin S. Schierwagen and Reinhold Schierwagen (hereinafter together the Schierwagens), the Supreme Court providently exercised its discretion in denying their motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.
CPLR 3216 is "extremely forgiving" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503) in that it " never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed'" (Altman v Donnenfeld, 119 AD3d 828, 828, quoting Davis v Goodsell, 6 AD3d 382, 383; see CPLR 3216[a],[e]; Baczkowski v Collins Constr. Co., 89 NY2d at 504-505; Vera v New York El. & Elec. Corp., 150 AD3d 927; Kadyimov v Mackinnon, 82 AD3d 938).
Here, the plaintiff demonstrated both a justifiable excuse for failing to proceed and the existence of a potentially meritorious cause of action (see Altman v Donnenfeld, 119 AD3d at 828). Accordingly, we agree with the Supreme Court's determination to deny the Schierwagens' motion.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court