Western Union N. Am. v Eun Hee A. Chang (2019 NY Slip Op 07637)





Western Union N. Am. v Eun Hee A. Chang


2019 NY Slip Op 07637


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-12335
 (Index No. 700334/16)

[*1]Western Union North America, etc., respondent,
v
Eun Hee A. Chang, etc., et al., defendants, Ming Hua Tarallo, etc., appellant.


Christopher Riley, White Plains, NY, for appellant.
David J. Finkler, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Ming Hua Tarallo appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered September 11, 2018. The order, insofar as appealed from, denied the motion of the defendant Ming Hua Tarallo pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"CPLR 3216 is, by its terms, extremely forgiving in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Davis v Goodsell, 6 AD3d 382, 382-383 [internal quotation marks omitted]; see CPLR 3216[a], [e]; Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633; Baczkowski v Collins Constr. Co., 89 NY2d 499, 504-505; Lee v Rad, 132 AD3d 643). "While the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for the delay in the prosecution of the action and a meritorious cause of action, such a dual showing is not strictly necessary to avoid dismissal of the action" (Altman v Donnenfeld, 119 AD3d 828, 828 [citations omitted]; see Baczkowski v Collins Constr. Co., 89 NY2d at 503-505; Vera v New York El. & Elec. Corp., 150 AD3d 927, 928; Gordon v Ratner, 97 AD3d 634, 635; Davis v Goodsell, 6 AD3d at 383-384).
We agree with the Supreme Court's determination that the plaintiff demonstrated a justifiable excuse for not complying with the 90-day notice. Under the particular circumstances of this case, "where there was no evidence of a pattern of persistent neglect or delay in prosecuting the action, or any intent to abandon the action," the court providently exercised its discretion in excusing the plaintiff's failure to comply with the 90-day notice (Vera v New York El. & Elec. Corp., 150 AD3d at 928; see Lee v Rad, 132 AD3d 643; Rossi v Scheinbach, 128 AD3d 791; Altman v Donnenfeld, 119 AD3d at 828; Gordon v Ratner, 97 AD3d at 635).
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court