| Gonzalez v Mt. Sinai Hosp. |
|:---:|
| 2025 NY Slip Op 32007(U) |
| June 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153376/2017 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JOHN J. KELLEY**

*Justice*

-----------------------------------------------------------------------------X

ERICA GONZALEZ,

                              Plaintiff,

                              - v -

MT. SINAI HOSPITAL, DR. MARC GREENBERG, and DR. MARC ENGLEBERT,

                              Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 56M |
| INDEX NO. | 153376/2017 |
| MOTION DATE | 02/20/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 66, 67, 68, 69, 70, 71, 72, 73, 74

were read on this motion to/for _____ EXTEND - TIME _____ .

In this action to recover damages for medical malpractice based on alleged departures from good and accepted practice and lack of informed consent, the plaintiff moves to vacate the 90-day notice and demand that the defendants served upon her pursuant to CPLR 3216. She also moves pursuant to CPLR 2004 to extend the note of issue filing deadline, and pursuant to CPLR 3124 to compel the defendants Dr. Marc Greenberg and Dr. Marc Englebert to submit to depositions. The defendants oppose the motion. The motion is granted, the 90-day notice is vacated, Greenberg shall submit to a deposition on or before July 17, 2025, Englebert shall submit to a deposition on or before August 20, 2025, and the plaintiff's deadline for the service and filing of the note of issue is extended to November 25, 2025.

The plaintiff commenced this action on April 11, 2017. Between May 14, 2018 and March 1, 2023, the court issued 12 case management orders, in which the court fixed deadlines for the completion of discovery and the filing of the note of issue. In the most recent status conference order, dated February 1, 2023 and entered March 1, 2023, this court directed

**153376/2017   GONZALEZ, ERICA vs. MT. SINAI HOSPITAL**
**Motion No.  002**

**Page 1 of 5**

Greenberg to appear for a deposition on or before April 5, 2023, directed Englebert to appear for a deposition on or before April 26, 2023, and directed the plaintiff to serve and file a note of issue on or before October 20, 2023. That order also directed that, if discovery was not completed, the parties were to consult with each other and submit a follow-up, proposed status conference order to the court on June 16, 2023, but that, if they could not agree on the terms of that proposed order, they were to request an actual conference. Neither Greenberg nor Englebert was deposed before the dates set forth in the February 1, 2023 status conference order, the parties neither submitted a new, proposed status conference order on June 16, 2023, nor requested a conference, and the plaintiff neither served and filed the note of issue on or October 20, 2023, nor requested an extension of time within which to do so before she made the instant motion. Apparently, the parties took no additional steps to complete discovery until July 31, 2024, when the defendants served the plaintiff with a notice pursuant to CPLR 3216, which directed her to resume prosecution of the action within 90 days thereof by completing discovery and filing a note of issue. The deadline in that notcie for completing discovery and filing the note of issue was extended by stipulation twice, with the final deadline set for January 26, 2025. The plaintiff made the instant motion on January 24, 2025.

CPLR 3216 provides, in relevant part, that:

> "(a) Where a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, with notice to the parties, may dismiss the party's pleading on terms. Unless the order specifies otherwise, the dismissal is not on the merits.

> *****

> "(e) In the event that the party upon whom is served the demand specified in subdivision (b)(3) of this rule fails to serve and file a note of issue within such ninety day period, the court may take such initiative or grant such motion unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action."

CPLR 2004 provides that

**153376/2017   GONZALEZ, ERICA vs. MT. SINAI HOSPITAL**
**Motion No.  002**

Page 2 of 5

"[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed."

Where, as here, a plaintiff has been served with a 90-day notice and demand pursuant to CPLR 3216(b)(3), that plaintiff must comply with the demand by filing a note of issue "or by moving, before the default date, either to vacate the demand or [pursuant to CPLR 2004] to extend the 90-day period" (*Angamarca v 47-51 Bridge St. Prop., LLC*, 167 AD3d 559, 559 [2d Dept 2018]; *see Deutsche Bank Natl. Trust Co. v Inga*, 156 AD3d 760, 760-761 [2d Dept 2017]). Since the plaintiff timely made such a motion, she did not become obligated to establish either a justifiable excuse for her failure timely to file the note of issue or a potentially meritorious cause of action (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Grant v City of New York*, 17 AD3d 215, 216-217 [1st Dept 2005] ["an application to extend plaintiff's time to file a note of issue within that 90-day period serves to prevent a default on the notice"]; *Conway v Brooklyn Union Gas Co.*, 212 AD2d 497, 497-498 [2d Dept 1995] [an affidavit of merit is not required where the motion pursuant to CPLR 2004 was made prior to the expiration of the prescribed period to respond]). Moreover, CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.*, 89 NY2d at 503), "in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2d Dept 2004]; *see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 633 [2003]; *Deutsche Bank Natl. Trust Co. v Inga*, 156 AD3d at 761).

As one appellate court explained it,

"[t]he determination as to whether to vacate a 90-day notice and grant an extension of time to file a note of issue lies within the court's discretion, and this determination may be guided by the length of the delay in prosecuting the action, the reason for the delay, the prejudice to the defendants, and whether the moving party was in default before seeking the extension"

(*Amos v Southampton Hosp.*, 131 AD3d 906, 907 [2d Dept 2015]; *see Harrington v Toback*, 34 AD3d 640, 641 [2d Dept 2006]; *Grant v City of New York*, 17 AD3d 215, 217 [1st Dept 2005]).

**153376/2017   GONZALEZ, ERICA vs. MT. SINAI HOSPITAL**
**Motion No.  002**

Page 3 of 5

[* 3]

The plaintiff made the instant motion prior to the applicable default date, and has demonstrated that she did not intend to abandon the action, but wishes to proceed with the depositions of Greenberg and Englebert, which are necessary for her to certify that the action is ready for trial. Moreover, the court discerns no prejudice to the defendants if the notice were to be vacated. Hence, that branch of her motion seeking to vacate the 90-day notice must be granted.

In addition, neither the plaintiff nor the defendants have established that the delay in conducting the outstanding depositions was solely the fault of their adversaries. Consequently, the court concludes that the branch of the plaintiff's motion seeking to compel those depositions should be granted (*see* CPLR 3124), as should the branch of her motion seeking leave to extend the note of issue filing deadline (*see 361 Broadway Assoc. Holdings, LLC v Foundations Group I, Inc.,* 210 AD3d 548, 549 [1st Dept 2022] [motion court improvidently denied the motions of both parties to extend note of issue filing deadline because, under the circumstances presented, the court's denial "left the parties in limbo, where they could neither move forward to trial nor complete the discovery necessary to move forward to trial, thereby frustrating the strong public policy favoring open disclosure to allow the parties to adequately prepare"]; *cf. 361 Broadway Assoc. Holdings, LLC v Foundations Group I, Inc.,* 232 AD3d 450 [1st Dept 2024] [in same action, motion to further extend note of issue filing deadline was properly denied in light of the length of time that action had been pending, the multiple extensions to complete discovery that already had been granted, including by the Appellate Division itself, and the plaintiff's responsibility for significant delay in completion of discovery]).

Accordingly, it is,

ORDERED that the plaintiff' motion is granted, the 90-day notice and demand served upon her by the defendants pursuant to CPLR 3216 is vacated, the defendant Dr. Marc Greenberg shall submit to a deposition on or before July 17, 2025, the defendant Dr. Marc Englebert shall submit to a deposition on or before August 20, 2025, and the plaintiff's deadline for service and filing of the note of issue is extended to November 25, 2025.

**153376/2017   GONZALEZ, ERICA vs. MT. SINAI HOSPITAL**
**Motion No.  002**

Page 4 of 5

This constitutes the Decision and Order of the court.

| | |
|---|---|
| **6/6/2025** | |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153376/2017   GONZALEZ, ERICA vs. MT. SINAI HOSPITAL**
**Motion No.  002**

Page 5 of 5