Genna v Klempner (2025 NY Slip Op 06020)

Genna v Klempner

2025 NY Slip Op 06020

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Webber, J.P., Kern, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 100530/16|Appeal No. 5093-5094-5095|Case No. 2023-02464 2023-06111 2024-00139|

[*1]Paula Genna, Plaintiff-Appellant,
v
Dr. Oleg Klempner DDS et al., Defendants, Babak Ghalili D.M.D., etc., et al., Defendants-Respondents. 

Paula Genna, appellant pro se.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Kevin A. Faley of counsel), for respondents.

Order, Supreme Court, New York County (John J. Kelley, J.), entered April 21, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Babak Robert Ghalili D.M.D. and Barak Robert Ghalili (together, Ghalili) to dismiss the complaint as against them for want of prosecution, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 5, 2023, which denied plaintiff's motion under CPLR 2221(a) for resettlement and clarification of the court's order entered April 21, 2023, unanimously dismissed, without costs, as taken from a nonappealable order. Order, same court and Justice, entered October 12, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Oleg Kempner DDS and Central Park South Dental Care, PLLC to vacate the note of issue and certificate of readiness and denied plaintiff's cross-motion for a protective order against defendants' attorneys, unanimously affirmed, without costs.
In this action seeking damages for dental malpractice, Supreme Court providently exercised its discretion in granting Ghalili's motion to dismiss the complaint in accordance with CPLR 3216. Ghalili satisfied all the requirements of the statute by timely and properly serving plaintiff with a 90-day notice warning her about the potential for dismissal if she failed to file a note of issue within 90 days (CPLR 3216[b], [e]). After being served with the 90-day demand, of which she acknowledged receipt, plaintiff was required to comply by filing a note of issue or by moving before the default date to either vacate the notice or extend the 90-day period, yet she failed to take either one of these steps (see Austin v Gould, 159 AD3d 422, 422 [1st Dept 2018]).
As a result, plaintiff was obligated to show a justifiable excuse for the delay and a meritorious cause of action (CPLR 3216[e]; see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]). Plaintiff, however, failed to offer any explanation for her failure to act. Plaintiff also failed to demonstrate a meritorious action, as she submitted only unaffirmed or unsigned expert reports opining that defendants had engaged in dental malpractice (CPLR 2106; see Mattis v Keen, Zhao, 54 AD3d 610, 611 [1st Dept 2008]). The only signed and affirmed dental report contained no opinion that malpractice occurred and therefore was inadequate to show that the action had merit(see Arias v Vecchione, 224 AD3d 568, 569 [1st Dept 2024], lv dismissed in part, denied in part 42 NY3d 1066 [2025]).
Plaintiff's appeal from the order denying her motion to resettle, which Supreme Court treated as a motion to reargue, must be dismissed. Regardless of how the motion is characterized, no appeal lies from an order denying resettlement, clarification, or reargument (see Matter of Quinn, Emanuel, Urquhart & Sullivan, LLP v AVRA Surgical Robotics, Inc., 224 AD3d 557, 558 [1st Dept 2024]).
Supreme Court providently exercised its discretion in vacating plaintiff's note of issue and certificate of readiness, as a material fact in the certificate of readiness was incorrect (Uniform Rules for Trial Courts [22 NYCRR] § 202.21[e]). The certificate of readiness failed to confirm whether the parties had completed discovery, and plaintiff offered no evidence to support her statement that HIPAA authorizations were provided and sent to the requested providers. Moreover, plaintiff's own cross-motion sought to vacate the note of issue.
Finally, Supreme Court properly denied plaintiff's cross-motion for a protective order. The record offers no evidence that defendants acted in any way to deceive or defraud plaintiff during the discovery process requiring such order.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025