■ KURZMAN KARELSEN & FRANK, L. L. P., Appellant, v DANIEL J. KAISER, ESQ., et al., Respondents. [726 NYS2d 404] —Order, Supreme Court, New York County (Emily Goodman, J.), entered December 6, 1999, which, in an action by a law firm against another law firm (defendant KSM) and its members (defendants Kaiser, Saurborn, and Mair) arising out of a fee-sharing agreement, granted defendants' motion to dismiss the complaint for failure to state a cause of action except for plaintiff's breach of contract claim against Kaiser, unanimously modified, on the law, to grant plaintiff leave to serve an amended complaint asserting a breach of contract claim against KSM, and otherwise affirmed, without costs.

When Kaiser left plaintiff's firm, he took a case with him, promising, by letter, to pay plaintiff a specified part of any contingency fee he received. Kaiser, Saurborn and Mair later formed KSM, which succeeded Kaiser as attorney of record in that case, which was settled after trial. KSM received substantial fees but paid no part to plaintiff. There is no merit to plaintiff's claim that with respect to these fees, defendants owed it a fiduciary duty under Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46; *see, Shapiro v McNeill*, 92 NY2d 91, 97), or otherwise. The alleged fee-sharing agreement confirmed by Kaiser, which used the phraseology "I will pay" to plaintiff a percentage "of any monies that come into my hands by reason of my contingency fee arrangement" with the client, was a future contingent promise to pay that could give rise only to a breach of contract claim (*see, Clark v Robinson*, 252 App Div 857). It did not constitute an assignment of a portion of the client's recovery (*see, Leon v Martinez*, 84 NY2d 83,

88-89), or convey a present interest in any specific fund (*see, Donovan v Middlebrook*, 95 App Div 365; *Peters Griffin Woodward v WCSC, Inc.*, 88 AD2d 883). Thus, plaintiff's breach of fiduciary duty, accounting, conversion, and money had and received claims are either unfounded or duplicative of the breach of contract claim, and were properly dismissed (*see, McMahan & Co. v Bass*, 250 AD2d 460, 461-462, *lv denied in part and dismissed in part* 92 NY2d 1013). However, plaintiff should be allowed to amend the complaint to plead a breach of contract claim against KSM because that firm succeeded Kaiser as counsel of record in the underlying action and received the fees (*see, Law Offs. of Rubenstein v Shapiro Baines & Saasto*, 269 AD2d 224, 225, *lv denied* 95 NY2d 757). We have considered plaintiff's other arguments and find them unavailing. Concur—Rosenberger, J. P., Andrias, Rubin, Buckley and Marlow, JJ.