■ ABS 1200, LLC, Doing Business as MOUNTAINVIEW EQUITIES, et al., Respondents, v VALENTINA KUDRIASHOVA et al., Appellants, et al., Defendant. [874 NYS2d 336]—

Kane, J. Appeals (1) from an order of the Supreme Court (Sackett, J.), entered November 15, 2006 in Sullivan County, which, among other things, granted plaintiffs' motion for a default judgment against defendants Valentina Kudriashova and Park House Resort, Inc., and (2) from an order of said court, entered July 24, 2007 in Sullivan County, which, among other things, denied said defendants' motion to vacate the default judgment.

Defendant Valentina Kudriashova entered into negotiations with plaintiff Alexander Ashkenazi regarding the sale of a parcel of real property in Sullivan County to a limited liability company

controlled by Ashkenazi, culminating in a contract between Kudriashova and ABS, LLC. It turns out that ABS, LLC is a defunct corporation with which Ashkenazi allegedly has no association; Ashkenazi's limited liability company has the similar name ABS 1200, LLC. After numerous unsuccessful attempts to schedule a closing, plaintiffs commenced this action seeking reformation of the contract to list ABS 1200, LLC as the buyer, and specific performance of the reformed contract. Defendants Park House Resort, Inc.[1] and Kudriashova (hereinafter collectively referred to as defendants) served a pre-answer motion to dismiss the complaint on various grounds. In September 2005, Supreme Court (Clemente, J.) partially denied the motion, finding that plaintiffs sufficiently pleaded a cause of action for reformation, but dismissed Ashkenazi's individual cause of action.

On October 17, 2005, plaintiffs served notice of entry of the September 2005 order on defendants' counsel. By letter dated March 1, 2006, plaintiffs notified counsel that they had not received an answer. Despite assurances by defendants' counsel, no answer was ever served. In July 2006, plaintiffs moved for a default judgment against defendants. Defendants opposed the motion and cross-moved for leave to file an answer. In November 2006, Supreme Court (Sackett, J.) granted plaintiffs' motion and denied the cross motion. Defendants later filed motions to, among other things, renew their prior cross motion and vacate the default judgment. The court denied those motions. Defendants appeal from the orders granting plaintiffs a default judgment and denying defendants' later motions.[2]

Supreme Court properly granted plaintiffs' motion for a default judgment[3] and denied defendants' motion to vacate that judgment. Defendants stipulated that the court obtained personal jurisdiction over them. Plaintiffs submitted the verified complaint and counsel's affidavit detailing the default (see CPLR 3215 [a], [f]). Defendants acknowledged that prior counsel failed to file an answer following the court's denial of their pre-answer motion to dismiss, thus creating a default. In opposition, in addition to not attaching a proposed answer, defendants submitted only an attorney affirmation which failed to provide

1. While plaintiffs were still trying to arrange a closing, Kudriashova transferred the property to Park House Resort, Inc., a corporation in which she is the majority shareholder.

2. As defendants did not appeal the September 2005 order, the merits of that order are not before us on this appeal.

3. While an order entered upon default is generally not appealable (see CPLR 5511), that prohibition does not apply where the defaulting party appears and contests the application for a default judgment (see Robert Marini Bldr. v Rao, 263 AD2d 846, 848 [1999]).

facts, by someone with personal knowledge, related to the reasonable excuse for default or the existence of a meritorious defense (*cf. Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]). Thus, the court correctly granted the motion for a default judgment, as defendants even acknowledged in their papers seeking to vacate that judgment.

The information provided on defendants' motion to renew and the motion to vacate the default judgment failed to contain any new information that was not available to defendants at the time the default judgment was granted, nor did defendants adequately explain why any such information could not have been brought before the court in the first instance (*see Maines Paper & Food Serv. v Farmington Foods*, 233 AD2d 595, 596 [1996]). Thus, the court appropriately denied defendants' motions.

Defendants' remaining arguments have been reviewed and found without merit.

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the orders are affirmed, with costs.