■ ROBERT WEBER, Also Known as BOB WEBER, Doing Business as WOODHILL ELECTRIC, Respondent, v JOEL PELLER et al., Appellants. [918 NYS2d 241]—

Malone Jr., J.

Plaintiff commenced this action against defendants in December 2007 seeking damages arising out of defendants' alleged breach of contract. In February 2008, in lieu of answering, defendants moved to dismiss the complaint. Following oral argument, by order entered May 28, 2008, County Court denied defendants' motion. Although defendants were served with notice of entry of the May 2008 order on June 9, 2008, instead of serving an answer, they filed a notice of appeal.[1]

Plaintiff subsequently successfully moved for a default judgment and, in May 2009, a default judgment was entered against defendants and restraining notices were issued to their bank. Thereafter, defendants moved to vacate the default judgment and the restraining notices. By order entered December 7, 2009, County Court denied that part of defendants' motion to vacate the default judgment, but permitted them to present evidence to offset the amount awarded to plaintiff in the judgment and vacated the restraining notices. Following the submission of the requested evidence, County Court issued an amended judgment that modified the amount awarded to plaintiff. Defendants appeal from the December 7, 2009 order.[2]

Considering that defendants did not offer any excuse for their default, much less a reasonable one, we cannot say that County Court abused its discretion by denying defendants' motion to

1. In December 2009, the appeal was dismissed by this Court after it denied defendants' motion for an extension of time to perfect the appeal.

2. We deem defendants' appeal from this order to also be from the subsequently entered judgment inasmuch as they are not materially different (*see* CPLR 5520 [c]).

vacate the default judgment (*see* CPLR 5015; *Washington Mut. Bank v Fisette*, 66 AD3d 1287, 1287-1288 [2009]).³ Furthermore, we are not persuaded by defendants' contention that they cannot be found to have defaulted in this action because they filed a pre-answer motion to dismiss. Once that pre-answer motion was denied by County Court and notice of entry of the order was served on defendants, they were required to serve an answer within 10 days (*see* CPLR 3211 [f]). Defendants' conceded failure to do so created a default (*see ABS 1200, LLC v Kudriashova*, 60 AD3d 1164, 1165-1166 [2009]).

Defendants' remaining contentions have been considered and found to be unpersuasive.

Mercure, J.P., Spain and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

 ---

**3.** It is notable that, after entry of the default judgment, County Court permitted the parties to submit evidence regarding a potential offset of the judgment award due to partial payment to plaintiff by defendants. The court reviewed such evidence and then issued an amended judgment reducing the amount that defendants owed to plaintiff from $7,560.34 to $2,375.90. Defendants make no argument that the amount awarded to plaintiff in the amended judgment is incorrect or excessive.