■ MICHELE LINGER, Respondent, v CHRISTOPHER LINGER, Appellant. [931 NYS2d 546]—

Kavanagh, J.

In July 2010, plaintiff commenced this action for divorce by filing a summons with notice and thereafter moved by order to show cause for, among other things, an order authorizing substituted service of the pleadings upon defendant (*see* CPLR 308 [5]; *see also* Domestic Relations Law § 232 [b]). After Supreme Court granted that application and defendant was served with a judicial summons with notice, defendant moved to dismiss the divorce proceeding, claiming that the court did not have subject matter jurisdiction because neither party had been a New York resident for a one-year period prior to the action being commenced (*see* Domestic Relations Law § 230 [1]).[1] In a decision entered December 7, 2010, Supreme Court denied defendant's motion to dismiss, appointed an attorney for the children and scheduled a preliminary conference to deal with those issues raised by plaintiff's order to show cause. At the January 4, 2011 conference, at which all parties appeared, Supreme Court

---

1. Defendant also sought sanctions, claiming that the action was frivolous (*see* 22 NYCRR 130-1.1)

found defendant in default because he failed to file a notice of appearance in the action and demand a complaint. The court then issued a decree entered January 12, 2011, in which it "Ordered, ADJUDGED and DECREED, that the marriage between Plaintiff and Defendant be and hereby is dissolved pursuant to Domestic Relations Law [§ ] 170 (1) and the Plaintiff is granted a Judgment of Divorce."[2] Defendant now appeals from that order and judgment.

We reverse.[3] Upon a party's default, a default judgment is only appropriate upon submission in some form of "proof of facts constituting the claim" (CPLR 3215 [f]). Here, Supreme Court's default judgment was made without a verified complaint having been filed by plaintiff. Also, no findings of fact or conclusions of law were made by the court (see CPLR 3215 [b]), nor did the court expressly rule on the merits of plaintiff's cause of action for a divorce. In this regard, plaintiff's summons with notice alleged cruel and inhuman treatment as the ground for divorce (see Domestic Relations Law § 170 [1]). However, without a verified complaint, the court had no factual basis upon which it could determine that plaintiff had a meritorious cause of action for divorce based on cruel and inhuman treatment (see CPLR 3215 [f]). While plaintiff submitted an affidavit in support of her application for pendente lite relief that she now claims established a factual basis for such a claim, that affidavit did not set forth sufficient facts upon which such a divorce based on cruel and inhuman treatment could be based (compare Woodson v Mendon Leasing Corp., 100 NY2d 62, 70 [2003]).

Also, without a verified complaint, Supreme Court could not determine whether plaintiff was a New York State resident "when the action [was] commenced and ha[d] been a resident for a continuous period of one year immediately preceding" the commencement of the action (Domestic Relations Law § 230 [1]; see Lacks v Lacks, 41 NY2d 71, 76 [1976]). Plaintiff's affidavit

---

**2.** An inquest was scheduled to address the parties' contentions regarding custody, child support, maintenance, equitable distribution and counsel fees.

**3.** We note that while defendant is appealing an order entered upon default and that, as a general rule, such an order is not appealable (see CPLR 5511), "that prohibition does not apply where the defaulting party appears and contests the application for a default judgment" (ABS 1200, LLC v Kudriashova, 60 AD3d 1164, 1165 n 3 [2009]; see Robert Marini Bldr. v Rao, 263 AD2d 846, 848 [1999]; compare Matter of Naomi KK. v Natasha LL., 80 AD3d 834, 835 [2011], lv denied 16 NY3d 711 [2011]). Here, it is not clear if Supreme Court found defendant in default in response to an oral application made by plaintiff or on its own accord, but the court's order established that defendant appeared at the conference and the record reveals that he participated in the proceedings.

did not set forth sufficient facts from which it could be determined if she established this essential element of her claim for divorce, and that issue, in the absence of a verified complaint, could not have been resolved by Supreme Court at the time it entered the default judgment (*compare State of New York v Williams*, 73 AD3d 1401, 1402-1403 [2010], *lv denied* 15 NY3d 709 [2010]).[4] As a result, the order and judgment of divorce must be vacated and the matter remitted to Supreme Court for further proceedings.

Rose, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order and judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision. **[Prior Case History: 2010 NY Slip Op 33342(U).]**

 ---

4. We note that plaintiff moved with the children to New York shortly before the action was commenced.