Rosenheck v Schachter (2018 NY Slip Op 07995)





Rosenheck v Schachter


2018 NY Slip Op 07995


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

526099

[*1]RHONDA ROSENHECK, Respondent,
v
JONATHAN PETER SCHACHTER, Appellant.

Calendar Date: October 17, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Pedowitz & Meister, LLP, New York City (Arnold H. Pedowitz of counsel), for appellant.
Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeals (1) from an order of the Supreme Court (Burke, J.), entered September 28, 2017 in Schenectady County, which denied defendant's motion to reopen, and (2) from a judgment of said court, entered October 16, 2017 in Schenectady County, granting, among other things, plaintiff a divorce, upon a decision of the court.
Plaintiff (hereinafter the wife) commenced this action for divorce in January 2015. In June 2017, the parties entered into an oral stipulation on the record in open court resolving all issues and executed a written affidavit of appearance and adoption of oral stipulation and settlement. Defendant (hereinafter the husband) subsequently moved to reopen the action and stay the entry of judgment to conduct further discovery regarding whether the wife had been a resident of New York for a continuous one-year period prior to commencement. Supreme Court denied the motion and granted a judgment of divorce that incorporated, but did not merge with, the stipulation. The husband appeals.[FN1]
The husband argues that Supreme Court erred in denying his motion to reopen and in entering the judgment of divorce because the wife failed to establish an element of her cause of action for divorce, namely durational residency pursuant to Domestic Relations Law § 230. "The durational residency requirements of Domestic Relations Law § 230 go to the substance of a cause of action for divorce, which a plaintiff must allege and prove, rather than to the court's subject matter jurisdiction" (Black v Black, 108 AD3d 842, 843 [2013] [citation omitted]; see Lacks v Lacks, 41 NY2d 71, 73 [1976]). In her verified complaint, the wife alleged that the parties were married in New York and that she had resided in New York for a continuous one-year period prior to commencing the action (see Domestic Relations Law § 230 [1]). The husband admitted that the parties were married in New York, but denied that the wife had resided in New York for the requisite, continuous one-year period, thereby placing the issue of her residency in dispute.
However, the disputed residency issue was resolved by the parties' subsequent agreement. Stipulations of settlement are favored by the courts, which have a particular interest in enforcing agreements that limit issues or withdraw claims (see Matter of Hofmann, 287 AD2d 119, 121-122 [2001]). In the oral stipulation of settlement, the husband "consent[ed] to a divorce" and agreed to entry of a judgment of divorce incorporating, but not merging, the stipulation. In the written adoption of the oral stipulation and settlement, the parties specifically agreed that "[a]ll issues in this matrimonial action were disposed of by [the oral stipulation of settlement]." By agreeing that all issues were resolved and consenting to entry of a judgment of divorce that could be properly granted only upon a determination that the wife had established durational residency, the husband necessarily removed all disputed issues from controversy, including his original opposition to the wife's verified allegation that she had resided in New York for a continuous one-year period prior to commencing the action (see id. at 121)[FN2]. Accordingly, the allegations asserted in the wife's verified complaint were sufficient proof of the durational residency requirements imposed by Domestic Relations Law § 230 (cf. Linger v Linger, 88 AD3d 1216, 1217-1218 [2011]). Thus, Supreme Court properly denied the motion to reopen and granted the judgment of divorce. The husband's remaining arguments have been considered and found to lack merit.
The wife requests that she be awarded counsel fees and expenses incurred on appeal pursuant to the parties' written agreement, which provides that a party who unsuccessfully challenges the validity of the stipulation shall be required to pay the other party's counsel fees. Although he did not challenge the validity of the stipulation in Supreme Court, on appeal the husband argued at length that it must be set aside. Accordingly, in light of our determination herein, the wife is entitled to recover appellate counsel fees. However, we are unable to determine the amount that should be awarded because the record does not provide any information about the fees that she incurred. Accordingly, her request should be directed to Supreme Court (see e.g. Holloway v Holloway, 307 AD2d 405, 407 [2003]).
Garry, P.J., McCarthy, Lynch and Aarons, JJ., concur.
ORDERED that the appeal from the order is dismissed, without costs.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The husband's appeal from the nonfinal order denying his motion must be dismissed as "the right to appeal from a nonfinal order terminates upon entry of a final judgment" (Augusta v Kwortnik, 161 AD3d 1401, 1403 [2018] [internal quotation marks and citation omitted]). Nonetheless, the appeal from the final judgment brings said order up for review.

Footnote 2: The husband is precluded from challenging the validity of the stipulation based on the wife's residency because the allegations made in his verified amended answer regarding her residency during their entire 12-year marriage establish that he entered into the stipulation notwithstanding such knowledge (see id. at 124).