Schimoler v Newman (2019 NY Slip Op 06427)





Schimoler v Newman


2019 NY Slip Op 06427


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2017-01304

[*1]William F. Schimoler, et al., appellants,
v
Phyllis Newman, etc., et al., respondents, et al., defendants. (Action No. 1)
Phyllis Newman, etc., respondent, v Sheila M. O'Neill, et al., appellants. (Action No. 2) (File Nos. 2013-2269/E, 2013-2269/D)


Miller Law Offices, PLLC, Lawrence, NY (Scott J. Farrell and Jeffrey H. Miller of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, for specific performance of a real estate contract (Action No. 1), and a related action for declaratory relief (Action No. 2), which were transferred from the Supreme Court, Kings County, to the Surrogate's Court, Kings County, William F. Schimoler and Sheila M. O'Neill, the plaintiffs in Action No. 1 and the defendants in Action No. 2, appeal from an order of the Surrogate's Court, Kings County (Margarita López Torres, S.), dated December 22, 2016. The order (1) denied the motion of William F. Schimoler and Sheila M. O'Neill for leave to enter a default judgment against Karli Kelber, Laura Kelber, and Phyllis Newman, as executor of the estate of Harry Kelber, defendants in Action No. 1, and permitted those defendants to file a late answer, and (2) denied the motion of William F. Schimoler and Sheila M. O'Neill pursuant CPLR 3216 to dismiss the complaint in Action No. 2.
ORDERED that the order is affirmed, without costs or disbursements.
Harry Kelber (hereinafter the decedent), at age 98, entered into a contract to sell his cooperative apartment to his neighbors William F. Schimoler and Sheila M. O'Neill (hereinafter together the appellants). The decedent died prior to the closing, and his estate refused to close. Thereafter, the appellants commenced an action (Action No. 1) in the Supreme Court, Kings County, against, among others, Phyllis Newman, as executor of the decedent's estate (hereinafter the estate), as well as Karli Kelber and Laura Kelber (hereinafter together the Kelbers), seeking, among other things, specific performance of the real estate contract. The estate commenced an action (Action No. 2) in the same court against the appellants, seeking a judgment declaring that the contract of sale was null, void, and invalid on the ground that the decedent was mentally incapacitated at the time he entered into the contract.
In October 2014, the estate and the Kelbers made a pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint in Action No. 1 insofar as asserted against them. By consent [*2]order dated January 28, 2015, all but one branch of the pre-answer motion to dismiss were withdrawn, and the Supreme Court reserved decision on that remaining branch of the motion. In the same order, the court joined the two actions for purposes of discovery and trial. More than one year later, on March 23, 2016, the remaining branch of the pre-answer motion to dismiss was resolved by a consent order, inter alia, permitting the estate and the Kelbers to withdraw the motion entirely. That order, however, did not address that the estate and the Kelbers had not yet interposed an answer to the complaint in Action No. 1. The appellants served a copy of the order with notice of entry upon the estate and the Kelbers on April 13, 2016.
On April 26, 2016, the appellants moved for leave to enter a default judgment against the estate and the Kelbers in Action No. 1, and separately moved pursuant to CPLR 3216 to dismiss the complaint in Action No. 2. On April 27, 2016, the estate and the Kelbers moved to transfer the related actions to the Surrogate's Court. The Supreme Court granted that motion, explaining that "the claims and defenses of the parties affect the estate of decedent Harry Kelber, Mr. Kelber's mental competence to enter into a real estate contract and potentially the validity of his will." In July 2016, while the appellants' motions for leave to enter a default judgment in Action No. 1 and to dismiss the complaint in Action No. 2 were pending before the Surrogate's Court, the estate and the Kelbers interposed a late answer. In the order appealed from, the Surrogate's Court denied both of the appellants' motions, and permitted the estate and the Kelbers to file a late answer.
To demonstrate entitlement to a default judgment, a plaintiff is required to submit proof of service of the summons and complaint, the facts constituting the claim demonstrating a viable cause of action, and the opposing party's default in answering or appearing (see CPLR 3215[f]; Vidal v 452 Wyckoff Corp., 131 AD3d 600; Fried v Jacob Holding, Inc., 110 AD3d 56, 59). "To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (Fried v Jacob Holding, Inc., 110 AD3d at 60; see Wassertheil v Elburg, LLC, 94 AD3d 753, 753). "Whether a proffered excuse is reasonable' is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Fried v Jacob Holding, Inc., 110 AD3d at 60, quoting Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877).
Here, the appellants satisfied their CPLR 3215 burden of proving service of process, the facts constituting the claim, and the default of the estate and the Kelbers in answering the complaint within 10 days of being served with, inter alia, a copy of the consent order withdrawing their pre-answer motion to dismiss (see CPLR 3211[f]; 3215; Weber v Peller, 82 AD3d 1331, 1332; ABS 1200, LLC v Kudriashova, 60 AD3d 1164, 1165). However, considering the appropriate factors and the strong public policy in favor of resolving cases on the merits, the Surrogate's Court providently exercised its discretion in denying the appellants' motion for leave to enter a default judgment against the estate and the Kelbers, and permitting them to file a late answer.
The Surrogate's Court also providently exercised its discretion in denying the appellants' motion pursuant to CPLR 3216 to dismiss the complaint in Action No. 2. CPLR 3216 is "extremely forgiving" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503) in that it " never requires, but merely authorizes, the [court] to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed'" (Altman v Donnenfeld, 119 AD3d 828, quoting Davis v Goodsell, 6 AD3d 382, 383; see CPLR 3216[a], [e]; Baczkowski v Collins Constr. Co., 89 NY2d at 504-505; Vera v New York El. & Elec. Corp., 150 AD3d 927, 927-928). "While the statute prohibits the [court] from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for the delay in the prosecution of the action and a meritorious cause of action, . . . such a dual showing is not strictly necessary to avoid dismissal of the action" (Altman v Donnenfeld, 119 AD3d at 828 [citations omitted]; see Baczkowski v Collins Constr. Co., 89 NY2d at 503-505; Davis v Goodsell, 6 AD3d at 383-384).
Here, there is no evidence that the appellants were prejudiced by any delay caused by the estate, that there was a pattern of persistent neglect and delay in prosecuting the action, or that [*3]there was any intent by the estate to decline to proceed with discovery, or otherwise abandon the declaratory judgment action. Under these circumstances, the Surrogate's Court providently exercised its discretion in excusing the estate's failure to meet the appellants' deadline for filing the note of issue (see Vera v New York El. & Elec. Corp., 150 AD3d at 928; Altman v Donnenfeld, 119 AD3d at 828-829; Gordon v Ratner, 97 AD3d 634, 635).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court