Ambac Assur. Corp. v Segregated Account of Ambac Assur. Corp. (2021 NY Slip Op 02978)





Ambac Assur. Corp. v Segregated Account of Ambac Assur. Corp.


2021 NY Slip Op 02978


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Index No. 651612/10 Appeal No. 13789 Case No. 2020-04907 

[*1]Ambac Assurance Corporation, Plaintiff-Appellant,
v
The Segregated Account of Ambac Assurance Corporation, Plaintiff, Countrywide Home Loans, Inc., et al., Defendants-Respondents, Bank of America Corp., Defendant.


Quinn Emanuel Urquhart & Sullivan, LLP, New York (Kathleen M. Sullivan of counsel), for appellant.
Simpson Thacher & Bartlett LLP, New York (Joseph M. McLaughlin of counsel), and
Williams & Connolly LLP, New York (Kenneth C. Smurzynski of the bar of the District of Columbia, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 8, 2020, which granted the motion of defendants Countrywide Home Loans, Inc., Countrywide Securities Corp., and Countrywide Financial Corp. (collectively, Countrywide) for summary judgment dismissing plaintiff Ambac Assurance Corp.'s fraudulent inducement claim as duplicative of its breach of contract claim, unanimously affirmed, with costs.
Countrywide established that the damages Ambac seeks in connection with its fraud claim are essentially the same as those it seeks under its breach of contract claim (see Avnet, Inc. v Deloitte Consulting LLP, 187 AD3d 430, 432 [1st Dept 2020]; MaÑas v VMS Assoc., LLC, 53 AD3d 451, 454 [1st Dept 2008] [fraud claim is duplicative of contract claim where both seek redress for the same "species" of harm]).
The proposed damages for fraud and breach of contract in Ambac's supplemental expert report now before the Court are essentially two ways of calculating the same thing — payments that Ambac made on account of the nonconforming loans. The distinctions that Ambac attempts to draw between the fraud damages and the breach of contract damages, which are largely attributable to interest payments, are legally irrelevant. The different treatment of interest does not save separate measures of damages from being duplicative (MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC, 165 AD3d 108, 114-115 [1st Dept 2018]; Financial Guar. Ins. Co. v Morgan Stanley ABS Capital I Inc., 164 AD3d 1126, 1128 [1st Dept 2018]).
Contrary to Ambac's contention, neither Ambac Assur. Corp. v Countrywide Home Loans, Inc. (31 NY3d 569 [2018]) nor Ambac Assur. Corp. v Countrywide Home Loans Inc. (179 AD3d 518 [1st Dept 2020]) forecloses Countrywide's motion. Indeed, this Court invited the renewed motion by dismissing the original motion as "premature" and "without prejudice to renewal" (179 AD3d at 520), explaining that the record was not complete and that Ambac had represented that the supplemental expert report would be forthcoming. In the cited decision of the Court of Appeals (31 NY3d 569), the issue of duplication of the fraud and breach of contract claims was not before the Court, and the Court did not address it.
Moreover, to the extent Ambac seeks compensation under its fraud claim for amounts it paid both on conforming and nonconforming loans, Ambac has no right to rescission or rescissory damages, because it issued an irrevocable insurance policy, which, outside the context of a nonrevocable monoline insurance policy, might have presented a nonduplicative basis for asserting a fraud claim (Ambac, 31 NY3d at 581).
We have considered Ambac's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021