Deutsch v Augenstein (2023 NY Slip Op 50511(U))

[*1]

Deutsch v Augenstein

2023 NY Slip Op 50511(U)

Decided on May 26, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 26, 2023
Supreme Court, New York County

Joseph Deutsch, Plaintiff,

against
David Augenstein, Defendant.

Index No. 654355/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61 were read on this motion to/for JUDGMENT - DEFAULT.
In this action to recover on the unpaid balance on two loan agreements, plaintiff Joseph Deutsch moves, pursuant to CPLR 3215, for a default judgment against defendant David Augenstein on all six causes of action pled in the complaint and for an order of attachment. For the reasons set forth below, the motion is granted in part.
Background
In April 2021, defendant, an attorney licensed in New York, approached plaintiff about investing in a venture related to cryptocurrencies (NYSCEF Doc No. 2, complaint ¶¶ 3 and 6). When plaintiff declined to invest in the venture, defendant suggested that plaintiff loan him the funds instead (NYSCEF Doc No. 43, plaintiff aff, ¶ 4-6). Defendant promised to repay the loan on a short-term basis (NYSCEF Doc No. 2, ¶ 9). In the event defendant failed to repay the principal on the maturity date, defendant promised to pay plaintiff interest at 16% per annum along with the attorneys' fees and expenses plaintiff incurred in collecting the unpaid amount (id., ¶¶ 9 and 12). Augenstein drafted two loan agreements (the Agreements), which the parties executed on April 12, 2021 (id., ¶ 13).
Under the first loan agreement dated April 12, 2021 (the First Agreement), plaintiff agreed to lend defendant the principal amount of $200,000, to be repaid within 30 days, or by the maturity date of May 11, 2021 (NYSCEF Doc No. 3, complaint, exhibit A at 1). If the principal was not repaid on the maturity date, then the unpaid amount would accrue interest at the default loan rate, which was "the lesser of (y) sixteen percent (16%) per annum, compounded monthly and (z) the highest lawful rate of interest allowable under applicable law," until the loan was fully repaid (id.). Defendant also agreed to pay plaintiff an "origination fee" of $15,000 on the [*2]maturity date (id.). In addition, defendant agreed to pay plaintiff's fees and expenses in the event plaintiff had to employ counsel to collect on any unpaid amounts, including the principal loan amount, the origination fee, unpaid interest, or to defend a challenge to the First Agreement "whether or not litigation is required" (id.).
The second loan agreement dated April 12, 2021 (the Second Agreement) contains similar provisions with respect to interest and defendant's obligation with respect to paying plaintiff's collection-related fees and expenses (NYSCEF Doc No. 4, complaint, exhibit B at 1). Under the Second Agreement, though, plaintiff agreed to lend defendant the principal amount of $400,000, to be repaid within 90 days, or by the maturity date of July 11, 2021 (id). Defendant also agreed to pay an origination fee of $135,000 due on the maturity date (id.). 
Plaintiff wired $600,000 to defendant on April 12, 2021 (NYSCEF Doc No. 2, ¶ 17). Defendant has made a single payment of $18,750 on the First Agreement on May 19, 2021, but no further payments were made despite due demand (id., ¶¶ 23-24). No payments were made on the Second Agreement (id., ¶ 28).
Plaintiff commenced this action by filing a summons and complaint asserting six causes of action for: (1) breach of the Agreements; (2) unjust enrichment; (3) conversion; (4) money had and received; (5) fraudulent misrepresentation; and (6) fraudulent inducement. In lieu of serving an answer, defendant, who was represented by counsel, moved to compel arbitration and to dismiss the complaint on the ground that the terms of the Agreements violated New York's civil and criminal usury laws (NYSCEF Doc No. 8-9). Plaintiff opposed the motion and cross-moved for a preliminary injunction (NYSCEF Doc No. 11). This court denied the motion and cross-motion (NYSCEF Doc No. 29). 
Plaintiff now moves for a default judgment against defendant for his failure to serve an answer to the complaint and for an order of attachment. Submitted in support of the motion is plaintiff's affidavit, an affidavit of service and text messages, among other exhibits. Defendant has submitted no opposition.
Discussion
A motion for a default judgment must be supported with "proof of service of the summons and complaint[,] proof of the facts constituting the claim, [and] the default" (CPLR 3215 [f]). "[A] complaint verified by someone or an affidavit executed by a party with personal knowledge of the merits of the claim" satisfies this statutory requirement (Beltre v Babu, 32 AD3d 722, 723 [1st Dept 2006]; Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003] [stating that "the affidavit or verified complaint need only allege enough facts to enable a court to determine that a viable cause of action exists"]). The plaintiff must also offer "some proof of liability to satisfy the court as to the prima facie validity of the uncontested cause of action" (Feffer v Malpeso, 210 AD2d 60, 61 [1st Dept 1994]). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (id.). A party in default "admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730 [1984]).
The affidavit of service reveals that plaintiff served defendant by substituted service on July 27, 2021 by delivering the summons, complaint and notice of electronic filing to Steven Fishman, defendant's co-worker, as a person of suitable age and discretion at defendant's actual place of business at 43-C 9th Street, Brooklyn, New York 11215, and by mailing copies of the papers to that same address the same day (NYSCEF Doc No. 48, Lauren J. Wachtler [Wachtler] [*3]affirmation, exhibit B). Defendant then appeared in this action by moving to dismiss the complaint (see CPLR 320 [a]). The motion served to extend defendant's time to an answer by 10 days (see CPLR 3211 [f]). Plaintiff served notice of entry of the order denying defendant's pre-answer motion to dismiss on October 4, 2022 (NYSCEF Doc No. 35). Plaintiff has established that defendant failed to serve an answer after the 10-day period afforded under CPLR 3211 (f) expired, and that defendant is now in default (see Weber v Peller, 82 AD3d 1331, 1332 [3d Dept 2011] [failure to serve an answer within 10 days after service of notice of entry of the order deciding a pre-answer motion constituted a default]; Rotondo v Reeves, 192 AD2d 1086, 1086 [4th Dept 1993] [granting a default judgment on liability where the defendants failed to serve an answer within 10 days after service of the order determining their motion to dismiss]). Furthermore, defendant's appearance obviates the requirement under CPLR 3215 (g) (3) (i) that plaintiff serve defendant with additional notice of the action before a default judgment may be entered (see Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 121 [2d Dept 2015] [stating that CPLR 3215 (g) (3) (i) requires additional notice to be provided to a defendant who has never appeared in an action]).
As to the merits, a cause of action for breach of contract requires the existence of a valid contract, the plaintiff's performance, the defendant's breach and damages (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). Plaintiff's affidavit is sufficient to demonstrate the existence of a valid, enforceable contract, namely the Agreements, plaintiff's performance, defendant's failure to pay the amounts due thereunder, and plaintiff's resulting damages. As indicated earlier, this court denied defendant's motion challenging whether the Agreements charged civilly or criminally usurious interest, and defendant did not appeal that decision. In any event, plaintiff avers that he relied on defendant's experience as an attorney to draft the two Agreements, that defendant did not advise that he seek out independent counsel, and defendant solely determined the terms in both Agreements (NYSCEF Doc No. 43, ¶¶ 6-7 and 12-14). Thus, plaintiff has demonstrated the merits of the first cause of action. 
Plaintiff is also entitled to recover his attorneys' fees as provided for under the terms of the Agreements (see 228 W 72 LLC v 228A W. 72 LLC, 213 AD3d 608, 610 [1st Dept 2023]). Although plaintiff has submitted numerous invoices he received from counsel (NYSCEF Doc No. 51, Wachtler affirmation, exhibit E), absent from the moving papers is adequate proof of:
"[the] time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved"
(Matter of Freeman, 34 NY2d 1, 9 [1974]). The invoices give a brief description of the work performed, the time spent and the charge for each task. However, several persons  "LJW," "CPR" and "SDC" and "K. Ganswith"  worked on this matter. There is no description as to their positions in the firm, their hourly rates, their abilities, or whether the rates are comparable to those charged in legal community. The issue of attorneys' fees plaintiff may recover from defendant is hereby referred to a referee to hear and report.
Plaintiff also has not demonstrated the merits of the remaining causes of action. The second cause of action for unjust enrichment cannot be maintained because a valid written contract covers the same subject matter (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d [*4]382, 388 [1987]). The third and fourth causes of action for conversion and money had and received, respectively, are duplicative of the first cause of action for breach of contract (see Kurzman Karelsen & Frank v Kaiser, 283 AD2d 330, 331 [1st Dept 2001], appeal withdrawn 297 AD2d 904 [1st Dept 2002]). Likewise, the fifth and sixth causes of action sounding in fraud are duplicative of the breach of contract claim as plaintiff seeks the same damages (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 194 AD3d 474, 474 [1st Dept 2021]).
Turning to plaintiff's request for an order of attachment, "[a]ttachment is a provisional remedy designed to secure a debt by preliminary levy upon the property of the debtor to conserve it for eventual execution" (Hume v 1 Prospect Park ALF, LLC, 137 AD3d 1080, 1081 [2d Dept 2016]). It is within the court's discretion to grant an application seeking an order of attachment see VisionChina Media Inc. v Shareholder Representative Servs., LLC, 109 AD3d 49, 59 [1st Dept 2013]). Here, plaintiff has not established that an order of attachment is necessary, as the court has granted him a money judgment and entering an order of attachment would be unnecessary and duplicative.
Accordingly, it is
ORDERED that the part of the motion brought by plaintiff Joseph Deutsch for a default judgment against defendant David Augenstein and for an order of attachment (motion sequence no. 002) is granted to the extent that plaintiff is granted a default judgment against said defendant on the first cause of action, and the balance of the motion is otherwise denied; and it is further
ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant in the principal amount of:
1. $196,250.00, with interest thereon at the contractual rate of 16% per annum compounded monthly from May 11, 2021 through entry of judgment, as calculated by the Clerk, and at the statutory rate thereafter, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and
2. $535,000.00, with interest thereon at the contractual rate of 16% per annum compounded monthly from July 11, 2021 through entry of judgment, as calculated by the Clerk, and at the statutory rate thereafter, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further
ORDERED that the issue of the attorneys' fees, costs and expenses incurred by plaintiff in this action, to which plaintiff is entitled to recover from defendant, is severed and referred to a Special Referee to hear and report; and it is further
ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to hear and report to this court on the amount of attorneys' fees, costs and expenses incurred by plaintiff in this action which is hereby submitted to the JHO/Special Referee for such purpose; and it is further
ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further
ORDERED that this matter is hereby referred to the Special Referee Clerk (Room 119, 646-386-3028 or spref@nycourts.gov) for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court at www.nycourts.gov/supctmanh at the "References" link), shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further
ORDERED that counsel for plaintiff shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by fax (212-401-9186) or e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further
ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further
ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further
ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further
ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts.
DATE May 26, 2023
ROBERT R. REED, J.S.C.